# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROLEX WATCH U.S.A., INC., | Case No. _____ |
| Plaintiff, | |
| vs. | **COMPLAINT FOR TRADEMARK INFRINGEMENT; FALSE DESIGNATION OF ORIGIN, FALSE DESCRIPTION, AND UNFAIR COMPETITION; DILUTION BY BLURRING** |
| ROLEXX EVENTS LLC d/b/a ROLEXX ROYAL EVENTS LLC, and MAURICE MCCORKLE | |
| Defendants. | **(INJUNCTIVE RELIEF REQUESTED)** |

Plaintiff, Rolex Watch U.S.A., Inc. ("Rolex" or "Plaintiff"), by its attorneys, hereby complains of defendants Rolexx Events LLC d/b/a Rolexx Royal Events LLC ("Rolex Events") and Maurice McCorkle ("McCorkle") (collectively, the "Defendants"), as follows:

## STATEMENT OF THE CASE

1.     For more than a century, Rolex has worked tirelessly and spent many millions of dollars to carefully build and hone a worldwide reputation as a prestigious luxury watch brand synonymous with high quality, excellent service and exacting standards of performance.  Rolex brings this suit to stop Defendants from deliberately and unlawfully trading upon Rolex's outstanding reputation and willfully diluting its famous ROLEX trademark. Defendants offer to provide and

provide rental and catering services under the mark ROLEXX. However, Defendant's ROLEXX mark is identical in sound and nearly identical in appearance to the world-famous ROLEX trademark and which Defendants appear to have adopted as their own more than a century after Rolex first registered the ROLEX trademark in the United States. Rolex asked Defendants to cease and desist from its unlawful free-riding voluntarily and thereby possibly avoid the need for a lawsuit, but Defendants rejected that effort. As a result, Rolex has brought this lawsuit seeking injunctive relief to put an end to Defendants' unlawful activities, and an award of profits, compensatory damages, and attorneys' fees and costs as a result of Defendants' use of the mark ROLEXX in its business/trade name and advertising and promotion of their services. As set forth below, Defendants' acts constitute federal trademark infringement, false designation of origin, false description and unfair competition, and dilution by blurring in violation of 15 U.S.C. §§1114, 1125(a), and 1125(c).

## **JURISDICTION AND VENUE**

2.      This Court has subject matter jurisdiction over the claims asserted in this action under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a) and (b).

3.      Defendants are subject to the Court's jurisdiction because they reside and/or do business in this Judicial District and have committed the acts complained of herein in this Judicial District.

2

4.    Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(b).

## THE PARTIES

5.    Rolex is a corporation duly organized and existing under the laws of the State of New York, having an office and principal place of business at 650 Fifth Avenue, New York, New York, 10019.

6.    Upon information and belief, Rolexx Events is a limited liability company formed under the laws of the Commonwealth of Pennsylvania and is registered to do business in the Commonwealth of Pennsylvania and lists its principal address as 4219 Meridian Street, Philadelphia, PA 19136.  According to its Facebook page, Rolexx Events' office is located on North Broad Street in Philadelphia, PA 19120.

7.    Upon information and belief, McCorkle is an individual residing at 4219 Meridian Street, Philadelphia, PA 19136, and is the owner, officer, director, operator and controlling force of Rolexx Events and has committed the tortious acts complained of within this Judicial District.

8.    Upon information and belief, Defendants are doing business as and through the website found at: https://rolexxroyalevents.com/ through which Defendants conduct their rental and catering services.

9.    Upon information and belief, Defendants have an established email address at info@rolexxroyalevents.com.

## FACTUAL ALLEGATIONS

### Rolex's Famous Trademarks

10.    Rolex is the exclusive distributor and warrantor of Rolex watches in the United States, all of which bear the ROLEX trademark.

11.    Rolex is responsible for promoting, marketing and selling in interstate commerce throughout the United States high-quality Rolex watches, watch bracelets, and related parts (hereinafter referred to as "Rolex Watches").

12.    Rolex is responsible for maintaining control over the quality of Rolex Watches and services in this country.

13.    For many decades, Rolex affiliates have managed and operated large commercial buildings in New York City, Beverly Hills and Dallas, among other locations in the Unites States, which bear the ROLEX trademark prominently on the outside of those buildings.  These companies include, for example, Rolex Realty Company LLC, Rolex California Realty LLC and Rolex Texas Realty LLC.

14.    Rolex is the owner of the following trademarks and trademark registrations issued by the U.S. Patent and Trademark Office:

| Trademark | Reg. No. | Reg. Date | Goods |
|---|---|---|---|
| **ROLEX** | 0,101,819 | 1/12/1915 | IC 014 Watches, clocks, parts of watches and clocks, and their cases. |
| **ROLEX** | 4,458,519 | 12/31/2013 | IC 035 Retail store services featuring watches, timepieces, clocks and jewelry. |

Hereinafter collectively referred to as the "ROLEX Mark."  Correct and true copies of Rolex's federal trademark registrations for the ROLEX Mark are attached as **Exhibit 1** and are incorporated herein by reference.

15. The ROLEX Mark is valid and subsisting and in full force and effect and has become incontestable pursuant to 15 U.S.C. § 1065.

16. The ROLEX Mark is distinctive and is used to identify high quality products originating with Rolex.

17. The ROLEX Mark is arbitrary and fanciful and is entitled to the highest level of protection afforded by law.

18. Rolex Watches and watch parts, all bearing the ROLEX Mark, have been sold in the United States for over a century. Rolex has sold hundreds of millions of such watches in the United States.

19. Rolex Watches, all bearing the ROLEX Mark, are and have been for nearly 100 years among the most high-quality, durable and sought-after watches sold in the United States.  As such, the sales of pre-owned Rolex Watches are also incredibly strong.

20. For at least the last 20 years, Rolex has been one of the pre-eminent luxury and best-known and most prestigious watch brands in the in the United States. Over the past 10 years, Forbes ranked the Rolex brand within the top 100 most valuable brands in the world.

21. Rolex has developed valuable goodwill with respect to its ROLEX Mark and created some of the most highly valued brand equity regardless of product or service.

22. Rolex has spent in excess of $500,000,000 (five hundred million dollars) over the past 10 years to advertise and promote the ROLEX Mark in the United States.

23. Through more than a century of continuous use, sales, distribution, advertising and promotion, the ROLEX Mark for watches and related goods has come to be associated exclusively with Rolex.

24. For many decades, Rolex has sponsored and promoted some of the largest sporting, entertainment, cultural, and charitable events throughout the United States. Rolex also sponsors events that promote and support a broad array of scientific disciplines and endeavors, an equally wide spectrum of the arts, including dance, film, literature, music, theatre, visual arts, and architecture, and a whole host of non-profit organizations engaged in all manner of public works.  Throughout these events and sponsorships, the ROLEX Mark is prominently displayed.

25. The Rolex brand and the ROLEX Mark have attained extensive public recognition and renown not only in relation to the watch industry but also through supporting and promoting a wide range of philanthropic services and environmental, sporting and cultural events.

26.    As a result of its long-standing, continuous use, and its vast advertising of the ROLEX Mark in connection with not only watches and retail store services featuring watches, but also various sporting, entertainment and charitable events that Rolex sponsors, the ROLEX Mark has become extremely well known and famous. Because of the notoriety and fame associated with the ROLEX Mark, any use of a sound alike mark bearing a strong similarity to the ROLEX Mark will immediately and exclusively be associated with Rolex.

27.    Based on Rolex's continuous and exclusive use of the ROLEX Mark throughout the United States and worldwide and its extensive advertising, sales and the wide popularity of Rolex products, the ROLEX Mark is famous and became famous well prior to the activities of Defendants complained of herein.

28.    Rolex has gone to great lengths to protect its name and enforce its rights as the exclusive owner of its ROLEX Mark in the United States.

## DEFENDANTS' ACTIVITIES

29.     On or about April 23, 2021, McCorkle formed a limited liability company in the Commonwealth of Pennsylvania under the name "Rolexx Events LLC." McCorkle is an officer, member, and controlling force of Rolexx Events.

30.    From at least 2021 to the present, McCorkle advertised, promoted, offered and provided his rental and catering services under the name ROLEXX ROYAL EVENTS. Defendants operate, own, and/or use the website

https://rolexxroyalevents.com/ ("Defendants' Website"). This is a clear use of a mark identical to ROLEX. See below a screenshot of the ROLEXX ROYAL EVENTS:



31.    Defendants operate, own, and/or use the website www.instagram.com/rolexxroyaleventsllc/ ("Defendants' Instagram Page") to advertise, promote, offer and provide rental and catering services under the name ROLEXX ROYAL EVENTS, infringing on one or more of the Rolex Registered Trademarks. Attached as **Exhibit 2** are representative screenshots of the Defendants' Instagram Page taken on February 25, 2026.

32.    Defendants operate, own, and/or use the website www.tiktok.com/@rolexxroyalevents and www.tiktok.com/@phillyrolexx ("Defendants' TikTok Pages") to advertise, promote, offer and provide rental and

catering services under the name ROLEXX ROYAL EVENTS, infringing on one or more of the Rolex Registered Trademarks. Attached as **Exhibit 3** are representative screenshots of the Defendants' TikTok Pages taken on February 25, 2026.

33. Defendants operate, own, and/or use the websites www.facebook.com/maurice.mckorkel and www.facebook.com/maurice.mckorkel ("Defendants' Facebook Pages") to advertise, promote, offer and provide rental and catering services under the name ROLEXX ROYAL EVENTS, infringing on one or more of the Rolex Registered Trademarks. Attached as **Exhibit 4** are representative screenshots of the Defendants' Facebook Pages taken on February 25, 2026.

34. On November 8, 2021, Rolex, through their counsel, sent Defendants a cease-and-desist letter instructing Defendants to remove the ROLEXX mark from the website, domain name and all social media accounts and cease from advertising, offering their services or conducting their services under the ROLEXX mark or any similarly confusing mark. A copy of Rolex's cease-and-desist letter to Defendants is attached as **Exhibit 5** and is incorporated herein by reference.

35. On November 11, 2021, McCorkle spoke to Rolex's counsel and stated in substance that Defendants' use of the ROLEXX mark was not unlawful and that he would not change the business name.

36. From April 2022 to August 2025, Rolex's counsel sent subsequent follow-up cease-and-desist letters requesting Defendants remove the ROLEXX

9

mark from the business name. Attached as **Exhibit 6** are copies of the follow-up cease-and-desist letters to Defendants.

37. The mark ROLEXX is identical in sound and wholly incorporates the famous ROLEX Mark.

38. Defendants use this nearly identical mark to identify their business as ROLEXX ROYAL EVENTS, a rental and catering service. Screenshots representative of Defendants' website are attached as **Exhibit 7** and are incorporated herein by reference.

39. Upon information and belief, Defendants' acts described above are deliberately calculated to confuse, mislead, and deceive the public and are performed with full knowledge of Rolex's rights. These acts constitute willful and deliberate infringement of Rolex's rights in the ROLEX Mark.

40. Defendants are not now, nor have they ever been, associated, affiliated, or connected with, or endorsed, approved, or sanctioned by Rolex.

41. Rolex's use, notoriety and fame established in its ROLEX Mark predate any date of first use upon which Defendants can rely for their use of the mark ROLEXX or ROLEXX ROYAL EVENTS to describe their rental and catering services.

42. The mark ROLEXX is substantially similar in sound, appearance and commercial impression to the ROLEX Mark.

43.     Upon information and belief, Defendants selected ROLEXX and ROLEXX EVENTS to bring to mind Rolex's famous ROLEX Mark and, among other things, the goodwill and reputation for enduring high quality that the ROLEX Mark convey.

44.     Regardless of whether Defendants chose to use the mark ROLEXX for this purpose, it is inevitable that the ROLEXX mark will confusingly and falsely call to mind the ROLEX Mark.

45.     The minor differences in the marks will not dispel the likelihood of confusion between the marks.

46.     Defendants' use of a mark that incorporates the term ROLEXX is likely to impair and blur the distinctiveness of the famous ROLEX Mark.

47.     Defendants' use of the ROLEXX and ROLEXX ROYAL EVENTS marks in the manner described above tends to and does create the erroneous impression that Defendants' services emanate or originate from Rolex, and/or that said services are authorized, sponsored, affiliated or approved by Rolex, even though they are not. This confusion causes irreparable harm to Rolex and the ROLEX Mark.

48.     Upon information and belief, Defendants have been unjustly enriched by illegally using and misappropriating Rolex's intellectual property for their own financial gain.  Furthermore, Defendants have unfairly benefited and profited from Rolex's outstanding reputation as a prestigious, high-quality luxury brand and its

significant advertising and promotion of the ROLEX Mark.

49. Upon information and belief, Rolex has suffered irreparable harm and damage as a result of Defendants' conduct.

50. Upon information and belief, Defendants' acts will continue unless enjoined by this Court.

51. Rolex has no adequate remedy at law.

## FIRST CLAIM FOR RELIEF
### (Trademark Infringement, 15 U.S.C. § 1114)

52. Rolex hereby incorporates by reference paragraphs 1–51 as though fully set forth herein.

53. Defendants' use of the mark ROLEXX in their business/trade name and to advertise their services is nearly identical in sound, sight and commercial impression to Rolex's ROLEX Mark and is therefore likely to cause consumer confusion or mistake as to the origin or sponsorship of Defendants' services.

54. Defendants' activities described above are done with the intent to confuse and deceive the public into believing that the services they offer are sponsored, affiliated or associated with Rolex, when they are not.

55. Defendants' activities as described above constitute use in commerce of a copy or colorable imitation of the ROLEX Mark in a manner which is likely to cause confusion and mistake in the minds of the public, and to deceive and mislead the public, in violation of 15 U.S.C. § 1114.

56. Defendants' acts constitute willful trademark infringement in violation of 15 U.S.C. § 1114.

## SECOND CLAIM FOR RELIEF
### (False Designation of Origin, False Description and Unfair Competition, 15 U.S.C. §1125(a))

57. Rolex hereby incorporates by reference paragraph 1–56 as though fully set forth herein.

58. In connection with Defendants' business/trade name and promotion of their services, Defendants' use of the mark ROLEXX is confusingly similar to the ROLEX Mark in interstate commerce.

59. Rolex exclusively has used the ROLEX Mark in the United States for more than 100 years and has invested many millions of dollars in advertising and publicizing its mark. As such, Rolex has created a reputation as the originator of prestigious and high-quality goods.

60. Defendants' use of a colorable imitation or copy of the ROLEX Mark in their business/trade name and the promotion of their services is likely to deceive, mislead and confuse customers as to the origin, sponsorship, association, or approval by Rolex of Defendants' services.

61. Defendants' use of a colorable imitation or copy of the ROLEX Mark is done with full knowledge of the falsity of such affiliation and sponsorship of Defendants and their services.

62.     Defendants' use of a colorable imitation or copy of the ROLEX Mark constitutes false descriptions and representations tending falsely to describe or represent Defendants and their services as being authorized, sponsored, affiliated or associated with Rolex.

63.     Defendants' use of a mark similar to the ROLEX Mark is done in a manner which is likely to mislead the public and trade upon the reputation of Rolex by misappropriating the valuable trademark rights of Rolex.

64.     Defendants' acts constitute use in commerce of false designations of origin and false and/or misleading descriptions or representations, tending to falsely or misleadingly describe and/or represent their services as those of Rolex's in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

65.     Defendants' acts constitute unfair competition under federal law.

66.     Defendants' acts are causing and continue to cause irreparable harm to Rolex regarding its loss of control over its reputation and goodwill.  Plaintiff has no adequate remedy at law, unless and until Defendants' actions are enjoined.

## THIRD CLAIM FOR RELIEF
**(Federal Trademark Dilution by Blurring, 15 U.S.C. §1125(c))**

67.     Rolex hereby incorporates by reference paragraphs 1–66 as though fully set forth herein.

68.     On or about as early as 2021, Defendants have used their present mark ROLEXX, to identify their rental and catering services.

14

69. Long before Defendants' use of their mark ROLEXX, Plaintiff's ROLEX Mark had been used in the United States for nearly a century and had long become famous to identify luxury goods and services.

70. Defendants' use of the mark ROLEXX as described above, which wholly incorporates the ROLEX Mark, constitutes Defendants' commercial use of a mark substantially similar to the ROLEX Mark.

71. The ROLEX Mark is inherently distinctive.

72. The ROLEX Mark is recognized throughout the United States and worldwide as a symbol of quality, luxury, success and value.

73. Defendants' use of a nearly identical mark constitutes dilution by blurring and impairs the distinctiveness of the ROLEX Mark. Unless restrained, Defendants' use will continue to dilute the distinctive quality of Plaintiff's famous mark by destroying and blurring the exclusive association between the ROLEX Mark and Plaintiff's products and services and/or by lessening the ability for consumers to exclusively identify Plaintiff with its merchandise and services.

74. Defendants' acts described above are diluting the distinctive quality of the ROLEX Mark in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

75. Defendants' acts were done with full knowledge and awareness of Plaintiff's famous trademark and reputation.

76.     Rolex is suffering and will continue to suffer irreparable harm from Defendants' dilutive activities, without any adequate remedy at law, unless enjoined by this Court.

**FOURTH CLAIM FOR RELIEF**
**(Cybersquatting Under § 43(d), 15 U.S.C. § 1125(d))**

77.     Rolex hereby incorporates by reference paragraphs 1–76 as though fully set forth herein.

78.     At all times relevant hereto, Rolex has been and still is the owner of the rights, title, and interest in and to the ROLEX Mark.

79.     Upon information and belief, Defendants have acted with the bad faith intent to profit from the ROLEX Mark and the goodwill associated with the Rolex Mark by registering a domain name which is identical or confusingly similar to or dilutive of the ROLEX Mark.

80.     Defendants have no intellectual property rights in or to the ROLEX Mark.

81.     Defendants' actions constitute cybersquatting in violation of § 43(d) of the Lanham Act, 15 U.S.C. § 1125(d).

82.     Defendants' conduct is done with knowledge and constitutes a willful violation of Rolex's rights in the ROLEX Mark. At a minimum, Defendants' conduct constitutes reckless disregard for and willful blindless to Rolex's rights.

83.     The aforesaid conduct is causing Rolex damages and immediate and

irreparable injury.

84.    Rolex has no adequate remedy at law.

## FIFTH CLAIM FOR RELIEF
### (Trademark Dilution Under 54 Pa. C.S.A. § 1124)

85.    Rolex hereby incorporates by reference paragraphs 1–84 as though fully set forth herein.

86.    This claim is for dilution of trademarks and injury to business or reputation under 54 Pa C.S.A. § 1124.

87.    The ROLEX Mark is a famous mark in the Commonwealth of Pennsylvania within the meaning of 54 Pa C.S.A. § 1124, and was famous prior to the date of Defendants' adoption and use of the infringing ROLEX Mark.

88.    Defendants' conduct, as described in this Complaint, is diluting and will dilute the ROLEX Mark, thereby lessening the capacity of the ROLEX Mark to identify and distinguish goods and services marketed and sold by Rolex under the ROLEX Mark.

89.    On information and belief, Defendants' acts of trademark dilution have been done willfully and deliberately, and Defendants have profited and been unjustly enriched by sales that Defendants would not otherwise have made but for their unlawful conduct.

90.    Defendants' acts described above have caused injury and damages to Rolex, and have caused irreparable harm to Rolex' goodwill and reputation and,

17

unless enjoined, will cause further irreparable injury, whereby Rolex has no adequate remedy at law.

## SIXTH CLAIM FOR RELIEF
### (Common Law Trademark Infringement and Unfair Competition)

91.    Rolex hereby incorporates by reference paragraphs 1–90 as though fully set forth herein.

92.    This cause of action arises under the Commonwealth of Pennsylvania's common law of trademark infringement and unfair competition.

93.    Defendants' use of the infringing ROLEX Mark constitutes common law trademark infringement and unfair competition in violation of common law.

94.    On information and belief, Defendants' acts of common law trademark infringement and unfair competition have been done willfully and deliberately, and Defendants have profited and been unjustly enriched by sales that Defendants would not otherwise have made if not for their unlawful conduct.

95.    Defendants' willful and deliberate acts described above have caused injury and damages to Rolex, and have caused irreparable injury to Rolex's goodwill and reputation and, unless enjoined, will cause further irreparable injury, whereby Rolex has no adequate remedy at law.

## PRAYER FOR RELIEF

**WHEREFORE,** Rolex respectfully requests that the Court enter judgment in Rolex's favor on all claims against Defendants and that the Court award the following

relief:

I.     That the Court enter an injunction permanently enjoining and restraining Defendants, their employees, agents, officers, directors, members, attorneys successors, affiliates, subsidiaries, and assigns, and all those in privity or acting in concert with any of the foregoing persons and entities who receive actual notice of the Court's order by personal service or otherwise from:

   a. Using the mark ROLEXX, or any mark similar thereto, specifically but not limited to, in their trade/business name or in any other name or as a trademark to identify any goods or the rendering of any services not authorized by Rolex;

   b. Using the mark ROLEXX, or any mark similar thereto, in a manner which may injure Rolex's business reputation or weaken the distinctive quality of the ROLEX Mark and/or Rolex's name, reputation or goodwill;

   c. Using the mark ROLEXX, or any mark similar thereto, in a manner which is likely to cause confusion or tends to falsely describe or represent Defendants' services as being sponsored by or associated or affiliated with Rolex, and from offering such services in commerce;

d.  Using the mark ROLEXX or any mark similar thereto, in a manner that may cause dilution by blurring and/or impairing the distinctiveness of the famous ROLEX Mark;

e.  Using or continuing to use the ROLEXX mark, or any mark similar thereto, or trade names in any variation thereof on Defendants' Websites or anywhere else on the Internet (either in the text of a website, as a domain name, or as a keyword, search word, metatag, or any part of the description of the site in any submission for registration of any Internet site with a search engine or index, or as a social media account name, username, page name, profile name, tag/hashtag, or in any advertisement or promotion on Instagram, TikTok, Facebook, or any other platform) in connection with any goods or services not authorized by Rolex;

f.  Registering or applying to register any trademark, service mark, domain name, trade name, or other source identifier or symbol of origin consisting of or incorporating the ROLEXX mark or any other mark that infringes or is likely to be confused or associated with Plaintiff's ROLEX Mark, or any goods or services of Plaintiff, or Plaintiff as their source;

g. Aiding, assisting or abetting any other individual or entity in doing any act prohibited by sub-paragraphs (a) through (f) above.

II. An Order pursuant to 15 U.S.C. § 1125(d) directing Defendants to transfer to Plaintiff the domain name, rolexxroyalevents.com, and any other domain names incorporating Plaintiff's trademark, together with all right, title, and interest therein.

III. An Order directing Defendants, within five (5) days of entry of the Court's Order to disable, remove, and/or rename all social media accounts, pages and profiles incorporating ROLEXX or any confusingly similar designation, and to take all steps reasonably necessary to effectuate the same.

IV. Requiring Defendants to pay to Rolex such damages Rolex has sustained as a consequence of their infringement of the ROLEX Mark and to account for all gains, Defendants' profits and advantages derived by Defendants from the promotion and advertising of the ROLEXX mark and that the award to Rolex be trebled as provided for under 15 U.S.C. § 1117.

V. Ordering that Rolex recover the costs of this action, together with reasonable attorneys' and investigators' fees and pre-judgment interest in accordance with 15 U.S.C. § 1117.

VI. Awarding Rolex a sum that is just under the circumstances as provided for by 15 U.S.C. § 1117.

VII.    Awarding Rolex all damages caused by, or profits recoverable from, Defendants' acts of unfair competition.

VIII.    Awarding Rolex punitive damages as a result of Defendants' acts of unfair competition in an amount sufficient to punish parties of Defendants' net worth.

IX.    Awarding Rolex post-judgment interest on any monetary award made part of the judgment against Defendants.

X.    Ordering that, pursuant to 11 U.S.C. § 523(a)(6), Defendants be prohibited from a discharge under 11 U.S.C. § 727 for malicious, willful and fraudulent injury to Rolex.

XI.   That Defendants, within thirty (30) days of judgment, file and serve upon Rolex a sworn statement setting forth in detail the manner and form in which they have complied with this injunction pursuant to 15 U.S.C. § 1116(a).

XII.   That Defendants immediately remove and change their present name with the Pennsylvania Secretary of State.

XIII.    That Defendants be required to immediately destroy any and all signs, posters, advertising, promotional, or marketing materials, or supplies used to conduct business within its possession, custody or control that use the ROLEXX mark, and to permanently remove any infringing content from Defendants' websites and social media accounts under their control.

XIV.    Requiring Defendants to pay to Rolex such damages Rolex has sustained as a consequence of its acts of unfair competition as alleged herein, and to account for all gains, profits and advantages derived by Defendants from their activities, and that the Court finding Defendants to have acted willfully and that the court treble all such monetary damages awarded by the court.

XV.    Directing that this Court retain jurisdiction of this action for the purpose of enabling Rolex to apply to the Court at any time for such further orders and interpretation or execution of any Order entered in this action, for the modification of any such Order, for the enforcement or compliance therewith and for the punishment of any violations thereof.

XVI.    Awarding to Rolex such other and further relief as the Court may deem just and proper, together with the costs and disbursements that Rolex has incurred in connection with this action.

*/s/ Joseph W. Catuzzi*
Joseph W. Catuzzi (No. 319447)
David P. Fitzgibbon (No. 206392)
Samuel E. Paul (No. 326218)
STRADLEY RONON STEVENS & YOUNG, LLP
2005 Market Street, Suite 2600
Philadelphia, PA 19103
Telephone: 215-564-8000
Email: jcatuzzi@stradley.com; dfitzgibbon@stradley.com; spaul@stradley.com

*Attorneys for Plaintiff, Rolex Watch U.S.A., Inc.*

Dated: March 18, 2026

5624679